MATTER OF WONG-SETOO

In Visa Petition Proceedings

A-14620994

*Decided by Board October 12, 1967*

The visa petition filed by the United States citizen petitioner to accord beneficiary, her blood niece, preference classification under section 203(a)(5) of the Immigration and Nationality Act, as amended, as her adoptive sister, on the basis of the alleged adoption of beneficiary by petitioner's parents (beneficiary's grandparents), is denied since under Chinese law a grandparent cannot adopt a grandchild.

The case comes forward on appeal from the order of the District Director, Los Angeles District, dated July 28, 1967 denying the visa petition for the reason that the petitioner has failed to establish eligibility on behalf of the beneficiary as her sister through adoption in that there has not been established a valid adoption pursuant to Chinese law.

The petitioner, a native of China, a naturalized citizen of the United States, 59 years old, female, seeks preference status under section 203(a)(5) of the Immigration and Nationality Act on behalf of the beneficiary as her sister. The beneficiary is a native and citizen of China, 27 years old, married. The visa petition indicates that the beneficiary was *not* related to the petitioner by adoption.

The order of the District Director sets forth the basis for the denial in such detail that only parts thereof need be repeated for the purpose of this decision. On July 27, 1966 the petitioner under oath stated that the beneficiary was born of the marriage between Pak Shing-Wong, the petitioner's brother through adoption, and Quon-Lun. She alleged that Pak Shing-Wong failed to support his wife and their child and for that reason the petitioner's mother, with whom the beneficiary and her parents resided, accepted responsibility for the beneficiary. The beneficiary and the beneficiary's mother resided with the petitioner's mother from at least July 25, 1922 (the date of birth of the beneficiary) until 1955. The petitioner stated that the assumption of responsibility of the beneficiary was accepted as a family obliga-

tion and there was no ceremony or formal adoption of the beneficiary. The beneficiary's father died in Korea in 1948 or 1949.

On July 28, 1966 the visa petition was denied for the following reason:

There is no evidence that the petitioner's parents ever contemplated the adoption of their granddaughter either before her seventh birthday or at any time thereafter. Acts of human kindness referable to an undertaking to rear and educate a helpless child do not alone prove an agreement to adopt, nor is standing *in loco parentis* the equivalent of adoption. The mere fact that the petitioner's parents may have stood *in loco parentis* to the beneficiary granddaughter because of the failure of the beneficiary's father to support his wife and daughter, is insufficient to effect adoption in accordance with the applicable provisions of the Chinese Civil Code, since in order to be recognized as an adoption it is necessary that the adoptive parents have brought up the child intending to adopt it.[1]

The order of denial of July 28, 1966 concluded that the petitioner had not borne the burden of establishing eligibility on behalf of the beneficiary as her sister through adoption in that there has not been established a valid adoption pursuant to Chinese law. The petitioner appealed from the decision of denial, alleging that evidence of the adoption would be forthcoming. The petitioner subsequently submitted a document purporting to be an original adoption agreement effected August 22, 1927 in China and was permitted to withdraw her appeal and reopen the case.

The case was forwarded to the Hong Kong office for investigation and research. A report dated March 10, 1967 indicates that the beneficiary is the granddaughter of the persons by whom she claims to have been adopted. Further, her blood father, Wong Sau Din also known as Wong Bah Sing, may be presently resident in the United States. All independent witnesses swore that the beneficiary is in fact related to the petitioner as niece to aunt and not as adopted sister. Only those witnesses supplied by either the beneficiary or her family claimed that an adoption took place. The concubine of the beneficiary's claimed adoptive father in a sworn affidavit stated that the beneficiary, her blood mother and her adoptive mother resided together in the same household until the beneficiary was married at the age of 18 or 19. A report dated October 18, 1966 of an evaluation of the adoption agreement submitted by the petitioner by members of the consulate staff indicated that the deed of adoption was not genuine for the reason that the adoption paper was allegedly prepared in 1927 and that it was almost 40 years old; paper of this type would have turned yellowish after so many years but the adoption paper submitted was definitely new and a bit stiff to the touch. A report from the Federal Bureau

---

[1] The denial was based upon the reasoning set forth in *Matter of Chan*, Int. Dec. No. 1480.

of Investigation dated May 9, 1967 is to the effect that examination of the document did not disclose any evidence which would tend to prove or disprove the authenticity of the document. The consular investigative report sets forth a detailed investigation. It is believed that the synopsis set forth above is sufficient for our purpose.

The facts as alleged were presented to the Far Eastern Law Division of the Library of Congress for evaluation of the legality of the claimed occurrence of an adoption by the grandparents of their granddaughter. In a communication received July 26, 1967 the Law Librarian furnished an excerpt from an outline of Modern Chinese Family Law [2].

A person may not adopt a collateral relative by blood within the eighth degree. or a collateral relative by marriage within the fifth degree, if they are of a different rank (Interpr. 761).

There is no statutory provision to this effect, but the Ssu-fa-yuan laid down this rule in Interpr. 761 [3] June 7th 1932; XVI p. 14; THERY 105. The Judicial Council based itself upon the legal principle that the relations between the adoptive child and the adoptive parents should be of the same nature as those of legitimate children.

It is consequently not possible to have an adoptive child which would not be of a generation following the adoptive parents. This evidently is a reminiscence of the rules belonging to the institution of an heir.

Assuming, but not conceding, that an adoption did occur, such an adoption would have been contrary to Interpretation 761, *supra*, in view of the original collateral relationship between the alleged adopter and adoptee. We concur with the District Director that the petition must be denied for the reason that the petitioner has failed to establish eligibility on behalf of the beneficiary as her adopted sister and that there has not been established a valid adoption pursuant to law. In addition, the visa petition must be denied on the ground that the petitioner has failed to bear the burden of establishing that an adoption actually occurred.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.

---

[2] Van Der Valk, Marc. (Monuments Serica, Monograph II; Peking: 1939, pp. 135-36).

[3] *The Collection of the Reasons, Decisions and Interpretations on the Six Codes of the Republic of China* (in Chinese), Volume 2, p. 120; interpretation reconfirmed in "Letter from the Ministry of Judicial Administration of June 23, 1961, Tai (50) *Tsan* No. 0365", *The Collection of the Reasons, Decisions and Interpretations on the Six Codes of the Republic of China.*